IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| ROBIN J. CARTWRIGHT, | ) | Civ. No. 08-1227-HO |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

### Introduction

In a decision dated December 24, 2002, Robin Cartwright (plaintiff) was found to be disabled beginning on February 1, 1999 due to a "cognitive disorder, depression, and residuals from injuries to his hip, leg and knees", and was awarded benefits. [Tr. 50-55]. However, in a November 2, 2007, decision, after considering the results of a continuing disability evaluation and the evidence presented in the record and at the hearing the Administrative Law Judge (ALJ) found that as of February 1,

1 - ORDER

2006, plaintiff was no longer disabled. [Tr. 34-45]. Plaintiff's request for review was denied by the Appeals Council on August 29, 2008, whereupon the decision became the Commissioner's final decision. [Tr. 9-11, see also 20 C.F.R.§§ 404.981, 422.210]. Plaintiff here seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Discussion

In summary, plaintiff alleges that the ALJ erred in step five in finding that plaintiff retains the residual functioning capacity (RFC) to perform work existing in significant numbers in the national economy and contends that his combined impairments are sufficiently sever to preclude him from performing any work and render him disabled. [#12-pp.7-14]. Plaintiff also argues that the vocational expert (VE) testimony contradicts the Dictionary of Occupational Titles (DOT) and the ALJ's reliance on this testimony constituted reversible error.

Defendant responds that the ALJ's findings at steps three and four made consideration of the exceptions at step five unnecessary. [#13-p.7; 20 C.F.R.§ 404.1594(f)(5)]. Defendant asserts that the ALJ's finding that plaintiff had the RFC to perform work is supported by substantial evidence in the record. Defendant also notes that plaintiff does not dispute the evidence of fraud and malingering that pervade the record and were

considered by the ALJ. [#13-p.8; Tr. 41-43]. Finally, defendant argues that the VE provided sufficient evidence for the ALJ to determine that plaintiff could perform the jobs identified especially given that the ALJ's RFC and resultant hypothetical question incorporated the actual limitations opined by Dr LeBray. [#13-p.9].. Defendant concludes that plaintiff's allegations misstate the ALJ's hypothetical and make the VE's testimony appear inaccurate (when it is not), despite the fact that he did not challenge it at the hearing. *Id.*

This court properly affirms the Commissioner's decision denying benefits if it is supported by substantial evidence and based on the application of correct legal standards. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). Without evidence of malingering when the claimant suffers from impairment(s) that could reasonably be expected to produce the symptoms of which the claimant complains, the ALJ must give clear and convincing reasons when making an adverse credibility finding. *Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1160-62 (9th Cir. 2008).

In weighing credibility, the Commissioner may consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party

3 - ORDER

testimony about the nature, severity, and effect of symptoms. *Stolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir 1996). If the claimant testifies to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. *Carmickle v. Commissioner Soc. Sec. Admin.,* 533 F.3d 1155, 1161 (9th Cir.2008).

In this instance, the ALJ found that plaintiff has severe impairments of a leg fracture, closed head injury, depressive disorder, malingering and right knee meniscus tear repair. [Tr.36]. The ALJ noted that plaintiff's previous determination of disability "was clearly based on the claimant's credibility of subjective allegations of symptomology and limitations. New evidence however seriously damages the credibility of claimant." [Tr.38].

The ALJ then gave detailed clear and convincing reasons for his findings including: a thorough descriptive review of plaintiff's medical records regarding plaintiff's alleged physical impairments, [Tr.36-38, 42-43]; plaintiff's Test of Memory Malingering (TOMM) results which was so skewed that Dr. Starr (who had previously issued a favorable evaluation in 2001), now found plaintiff's results ""extremely unusual" and suggestive of significant exaggeration of alleged memory impairment [Tr.38; the Psychiatric Review technique Form (PRTF) assessment by the

4 - ORDER

medical consultants in January 2006, showing a depressive disorder and likely malingering [Tr. 39, 265-78]; the continuing disability investigation from November 2005 in which plaintiff was shown on videotape involved in physical activities that his alleged impairments would preclude him from doing [Tr. 39, 42]; evidence that plaintiff was observed successfully representing himself in a court proceeding without needing to refer to notes for 3.5 hours and Dr. Henry's opinion that because plaintiff's statements about his limitations differed from the video and witness statements which demonstrated higher abilities and functioning, Dr. Henry suspected plaintiff's claims were fraudulent [Tr.42, 672].

For the reasons detailed above, I find the ALJ gave clear and convincing reasons based on substantial evidence in the record to support his conclusion that plaintiff was not entirely credible.

Plaintiff next complains that the ALJ's reliance on the allegedly flawed VE's testimony constitutes reversible error. I disagree.

The ALJ must calculate the plaintiff's residual functional capacity (RFC) based on all relevant evidence in the record including medical records, and the effects of symptoms (including pain), that are reasonably attributed to a medically determined impairment. *Robbins v. Soc. Sec. Admin.*, 466F.3d 880, 883 (9th

5 - ORDER

Cir 2006); 20 C.F.R. § 404.1545(a),(e). The ALJ need not however incorporate limitations identified through claimant testimony or medical opinions that the ALJ permissibly discounted. *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir 2004).

The ALJ generously found that plaintiff had the RFC for light exertion with postural, environmental and vocational non-exertional limitations, all of which are supported by the record. [Tr. 40-43, 453-57, 540, 568-69]. The VE's testimony resulting from the ALJ's hypothetical, which included plaintiff's RFC, age, education and work experience and indicated that the hypothetical individual would be able to perform the requirements of the listed representative occupations. The record shows that the VE appeared to understand the limitations of the hypothetical and applied his expertise (to which plaintiff then stipulated), to his response. [Tr. 774-77]. Plaintiff was represented by counsel at the hearing and did not there question either the VE's characterizations of the job requirements or the suggested jobs' alleged inconsistencies with the DOT. [Tr. 777].

Based on the record, I find that, the ALJ appropriately relied on the VE's testimony and set forth a detailed and thorough summary of the facts and conflicting evidence in the record to support his decision.

For the reasons detailed above I find the ALJ applied the correct legal standards in finding plaintiff was no longer

disabled. The ALJ's decision is supported by substantial evidence in the record as a whole and the Commissioner's final decision should therefore be upheld.

## Conclusion

For the reasons stated above, the decision of the Commissioner is AFFIRMED. This action is dismissed.

IT IS SO ORDERED.

DATED this 4th day of June 2010.

Michael E. Hogan
United States District Judge

7 - ORDER